## E. H. PALMER
### *v.*
## JOHN McABOY.

NEW TRIAL—*verdict sustained by the evidence.* In this case it was *held,* that the evidence clearly sustained the finding of the jury.

APPEAL from the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

Mr. E. H. PALMER, appellant, *pro se.*

Messrs. FULLER & WARNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action in the DeWitt circuit court, brought by John McAboy, against Ezekiel H. Palmer, in assumpsit, with counts for money had and received, etc.     The jury found a verdict for the plaintiff, for eight hundred and seventy dollars, on which the court rendered judgment.

The only question made by appellant, is one of fact.     He was the principal witness to prove his case, which we think he signally failed to do.     The testimony, as it regards the principal item, six hundred dollars, as having being paid to the plaintiff by Martin and Mitchell, the plaintiff testified in the strongest manner he never got—it was never paid him by that firm, or any one else.     The charge for this sum was made on defendant's book, as of July 8, 1865, and his statement of the matter, is, that plaintiff called on him one morning in July of that year, and stated he wanted six hundred dollars—that defendant told him about letting Martin and Mitchell have two hundred dollars of his money, and he could get it for him if he would wait awhile, when plaintiff directed him to leave it at the store of that firm ; that he went down to the store and left there three hundred and fifty dollars, and told that firm to make it six hundred dollars and give it to the plaintiff.     He first stated that he knew nothing about this six hundred dollars, only that the entry on his book was in his own hand writing, under the head of plaintiff's account in his book, of date July 8th, 1865 ; that he has no recollection when this entry was made, but it must have been made on the day of its date, or at the time of the transaction.

That this is not so, is sufficiently established, for the plaintiff and his son both testified the plaintiff left home in June, to visit a sick child in Livingston county, was absent during the whole of the month of July, not returning until some time in August. Nor does any member of the firm of Martin & Mitchell, or their clerk and book keeper, who were examined as witnesses in the case, fortify the statement of the defendant, which could

so easily be done if the transaction took place. The jury did no wrong in allowing to plaintiff this item. Another item which was disputed, was a check for one hundred and fifty dollars, claimed to have been paid to Thomas McAboy, the son of the plaintiff, which he denied ever having received. The check was produced on the trial, and appears to have been drawn in favor of John McAboy or *bearer,* and the banker on whom it was drawn, testifies he could not tell to whom it was paid. It may have been paid to the defendant himself as bearer.

The other item was one hundred and twenty dollars of interest money, which defendant had received on account of plaintiff, of John Andrews, and for which he had not accounted. These three items make eight hundred and seventy dollars, the precise amount of the judgment. We think the testimony greatly preponderates in favor of the correctness of these items, as chargeable against the defendant. There is no ground for the interference of this court, to disturb the verdict.

The judgment must be affirmed.

*Judgment affirmed.*